**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL LYNN CASH<br><br>**Plaintiff,**<br><br>v.<br><br>CITY OF DURANT, et al.,<br><br>**Defendants.** | Case No. 22-CV-009-JFH |

## OPINION AND ORDER

This matter is before the Court on the Motion for Relief from Judgment ("Motion") filed

by Plaintiff Michael Lynn Cash ("Plaintiff") under Federal Rule of Civil Procedure 60(b).  Dkt.

No. 7.  For the reasons set forth below, Plaintiff's Motion [Dkt. No. 7] is GRANTED.

## PROCEDURAL BACKGROUND

On January 6, 2022, Plaintiff filed his Pro Se Prisoner Civil Rights Complaint initiating

this action.  Dkt. No. 1.  That same day, the Court Clerk entered a minute order directing Plaintiff

to pay the $402 filing fee necessary to commence a civil action or to file a motion for leave to

proceed *in forma pauperis* within seven (7) days of the filing of the minute order.  Dkt. No. 2.  The

minute order warned Plaintiff that failure to comply may result in immediate dismissal by the

Court.  *Id*.

Also on January 6, 2022, Plaintiff filed a Motion for Appointment of Counsel ("Motion for

Counsel").  Dkt. No. 3.  In the Motion for Counsel, Plaintiff acknowledged that his Complaint did

not include his *in forma pauperis* papers or "account printout due to our 'lock-down' status."  *Id*.

at 1.  Plaintiff states that "[a]s soon as we return to normal operations [he] will be able to send

them in."  *Id*.

On February 4, 2022, Plaintiff filed his Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit and attached his prison funds account statement for the period of April 30, 2021 – July 20, 2021.  Dkt. No. 4.  On February 9, 2022, the Court entered a minute order directing Plaintiff to submit a certified copy of his prison funds account statement for the six-month period immediately preceding the filing of the Complaint, as required by 28 U.S.C. § 1915(a)(2), by no later than February 23, 2022.  Dkt. No. 5.  Again, Plaintiff was warned that failure to comply would result in dismissal of his action.  *Id*.

Plaintiff did not submit his prison funds account statement as directed and, accordingly, the Court entered an order dated February 28, 2022 ("Order") dismissing Plaintiff's Complaint for lack of prosecution under Fed. R. Civ. P. 41(b).  Dkt. No. 6.  On April 4, 2022, Plaintiff filed the instant Motion requesting that the Court vacate its Order under Fed. R. Civ. P. 60(b) because "Plaintiff did not receive any such orders mentioned in the Dismissal Order."  Dkt. No. 7.  Plaintiff attached his prison funds account statement for the period of July 29, 2021 through March 24, 2022 to the Motion.  *Id*. at 2-7.

## AUTHORITY AND ANALYSIS

Federal Rule of Civil Procedure 60(b) allows the court to relieve a party from a final judgment or order.  The district court has substantial discretion in deciding a Rule 60(b) motion. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1145–46 (10th Cir. 1990).  "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 577–78 (10th Cir. 1996) (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co*., 909 F.2d 1437, 1440 (10th Cir. 1990)). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th 1991).  While Plaintiff's Motion does

not set forth any of the exceptional circumstances warranting relief under Rule 60(b), the Court

construes the Motion as seeking relief under Rule 60(b)(1), which permits the court to relieve a

party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." *See*

*Wallace v. McManus*, 776 F.2d 915, 916-17 (10th Cir. 1985) ("Pro se pleadings by prisoners must

be liberally construed [ ] without regard for technicalities."); *see also Hall v. Bellmon*, 935 F.3d

1106, 1109-10 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and

held to a less stringent standard than formal pleadings drafted by lawyers.").

Generally, the "mistake, inadvertence, surprise, or excusable neglect" provision in Rule

60(b)(1) provides for the reconsideration of judgments only where (1) a party has made an

excusable litigation mistake; (2) an attorney in the litigation has acted without authority from a

party; or (3) the court has made a substantive mistake of law or fact in the final judgment or order.

*Cashner*, 98 F.3d at 576-77 (citing 7 Moore, Federal Practice ¶ 60.22[2], p. 60, 175–179 (listing

some of the litigation mistakes which are appropriate for Rule 60(b)(1) relief)).  Rule 60(b)(1)

relief is also generally granted upon a showing of a party's excusable failure to comply with

procedural rules, especially within the context of pro se prisoner cases and notice issues.  *See*

*Wallace v. McManus*, 776 F.2d 915, 917 (10th Cir. 1985) (per curiam) (finding excusable neglect

under Rule 60(b) when a pro se prisoner let an appeal deadline lapse after notice of the entry of

judgment was sent to her former attorney rather than to her); *see also Aparicio v. Singh*, No. CIV-

05-262, 2006 WL 8444135 at *1 (D.N.M. June 9, 2006) (finding excusable neglect under Rule

60(b)(1) where defendant stated that he never received a copy of the summons and complaint).

While granting relief under Rule 60(b) is an extraordinary procedure, "a Rule 60(b) motion should

be liberally construed and every effort should be made to try cases on their merits."  *Greenwood*

*Explorations, Ltd. v. Merit Gas and Oil Corp., Inc*., 837 F.2d 423 (10th Cir. 1988)

Here, Plaintiff asserts an excusable failure to comply with procedural rules, stating that he "did not receive any such orders mentioned in the Dismissal Order." Dkt. No. 7 at 1. Presumably, Plaintiff alleges that he did not receive the minute orders which warned Plaintiff that if he did not file his motion for *in forma pauperis* and a certified copy of his prison funds account statement for the relevant timeframe, his Complaint would be dismissed. See Dkt. Nos. 2, 5. Other than Plaintiff's own statements, the Court finds no evidence in the record to show that Plaintiff did not receive the minute orders. Regardless, the Court finds excusable neglect under the circumstances presented here.

Plaintiff's Motion for Counsel makes clear that he understood that he must file a motion for *in forma pauperis* along with account statements, and that he had the intention to do so. Dkt. No. 3 (acknowledging that his Complaint did not include his *in forma pauperis* papers or "account printout due to our 'lock-down' status" but stating that "[a]s soon as we return to normal operations [he] will be able to send them in."). Plaintiff's Motion for Counsel indicates that he may have had difficulty obtaining the account statements due to jail restrictions at the time. *Id.* Additionally, Plaintiff states that he did not receive the minute orders which set forth certain requirements and deadlines to avoid dismissal. Dkt. No. 7 at 1.

Plaintiff has now presented the Court with his Motion to Proceed *In Forma Pauperis* [Dkt. No. 4] and account statements for the requisite timeframe [Dkt. Nos. 4, 7]. Therefore, liberally construing Plaintiff's Motion, as the Court must, and taking into consideration strong policies favoring resolution of disputes on their merits, the Court finds that Plaintiff's Motion [Dkt. No. 7] should be granted and this case should proceed.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief from Judgment [Dkt. No. 7] is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall REOPEN this matter.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Dkt. No. 4] is hereby GRANTED.

IT IS FURTHER ORDERED that within twenty-one (21) days from the entry of this Order, or by November 8, 2022, Plaintiff must pay an initial filing fee of $37.80 pursuant to 28 U.S.C. § 1915(b)(1).  Failure to submit the initial filing fee by the prescribed deadline will result in dismissal of this action.  Thereafter, Plaintiff shall make monthly payments pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee is paid in full.  USP Tucson, or any other agency having custody of Plaintiff, is directed to forward payments from Plaintiff's prisoner account to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the Clerk of Court send a copy of this Order to Plaintiff's custodian and the trust fund officer at his institution.

DATED this 18th day of October 2022.


JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

5