# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) MICHAEL LYNN CASH )
 )
Plaintiff, )
 )
vs. ) Case No. 22-cv-009-JFH-JAR
 )
(1) CITY OF DURANT )
(2) TIMOTHY McEACHERN )
(3) CHRIS CICIO )
(4) BRYAN COUNTY BOARD )
 OF COUNTY COMMISSIONERS )
(5) UNKNOWN OFFICERS )
 DURANT POLICE DEPARTMENT )
(6) UNKNOWN OFFICERS )
 BRYAN COUNTY SHERIFF'S DEPT. )
 )
Defendants )

## REPORT AND RECOMMENDATION

Plaintiff, a convicted federal prisoner, *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983, claiming violations of his constitutional rights. (Doc. #1). United States District Judge John F. Heil, III referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636. (Doc. 32). This matter is also before me on Defendants City of Durant and Chris Cicio's Motion to Dismiss. (Doc. #31).

## I.   BACKGROUND

Plaintiff was convicted in the United States District Court for the Eastern District of Oklahoma of possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and possession of firearm by a felon. Plaintiff appealed, and the 10th Circuit Court of Appeals affirmed the conviction on November 4, 2013. See *U.S. v. Cash*, 733 F.3d 1264

1

(2013). In that case, the facts established at trial are as follows: On March 22, 2011, Plaintiff Michael Lynn Cash was pulled over after Officer Timothy McEachern, a patrol officer with the City of Durant Police Department, observed him commit a traffic violation. During the stop, Officer McEachern saw in plain view an artificial bladder device. He also learned that Mr. Cash was on the way to take a drug test for Steve Brittingham, his federal probation officer. Suspecting that Mr. Cash was planning on using the bladder device to defeat a urine drug test—a violation of Oklahoma state law—Officer McEachern detained him until Officer Brittingham arrived at the scene. Shortly after Officer Brittingham arrived, he observed a firearm in plain view in the back seat of Mr. Cash's car—a clear violation of the terms of Mr. Cash's supervised release. A scuffle ensued in an effort to take Mr. Cash into custody and to render the firearm safe. Mr. Cash was eventually subdued and placed in the back of Officer McEachern's cruiser. A federal grand jury indicted Mr. Cash on three counts: possession with intent to distribute methamphetamine; possession of a firearm in furtherance of drug trafficking; and as a felon in possession of firearm. Mr. Cash moved to suppress both (1) the physical evidence obtained from the search and (2) his statements to Officer Brittingham. The district court denied both motions, holding that neither Mr. Cash's Fourth nor Fifth Amendment rights were violated. Mr. Cash was convicted on all counts after a jury trial.[1]

---

[1] The undersigned takes judicial notice of the docket report and decision in Plaintiff's federal post-conviction proceeding. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand" (citation omitted)).

## II.    SCREENING OF PRISONER COMPLAINTS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a party is proceeding *in forma pauperis*, a federal district court "shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

In fulfilling this obligation, the Court considers, in part, the timeliness of Plaintiff's claims. This adheres to "the long-standing rule that '[i]f the allegations ... show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.' " *Vasquez Arroyo v.*

*Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. This Court construes "[a] pro se litigant's pleadings... liberally and [holds them] to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III.   STATUTE OF LIMITATIONS

Plaintiff contends that the March 22, 2011, traffic stop and the subsequent search and arrest lead to an "unreasonable use of excessive force and police brutality" in violation of the Fourth, Eighth and Fourteenth Amendments in Claims 1, 2, and 3. (See Doc. #1). Plaintiff asserts claims under 42 U.S.C. § 1983 against the Defendants. The statute of limitations period for claims brought under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose, *Wallace v. Kato*, 549 U.S. 384, 387 (2007), and in Oklahoma, that period is two years." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (citing Okla. Stat. tit. 12, § 95(A)(3)). Although the length of the limitations period is determined by reference to the law of the forum state, the accrual of the federal cause of action is determined by federal law. *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998).

> A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Since the injury in a *§ 1983* case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. This requires the court to identify the constitutional violation and locate it in time.

*Id.* (citations and quotations omitted).

Furthermore, the Tenth Circuit has held that a statute of limitations defense may be considered in a Rule 12(b)(6) motion if the running of the statute is clear from the face of the Plaintiff's Complaint: While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that

5

the right sued upon has been extinguished, the Plaintiff has the burden of establishing a factual basis for tolling the statute. Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (internal citations omitted

As stated, the actions Plaintiff challenges herein occurred in March 2011. *See supra.* Plaintiff did not initiate this action until January 6, 2022. (See Doc. #1). Thus, Plaintiff's claims are well beyond the statute of limitations and this action should be dismissed as untimely, unless Plaintiff is entitled to equitable tolling.

Because the applicable statute of limitations for a § 1983 claim is derived from Oklahoma law, "state law [also] governs the application of tolling in a civil rights action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004); *see also Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (applying state law tolling rules in § 1983 context).

> In general, Oklahoma permits the tolling of a statute of limitations in two circumstances. First, the existence of a "legal disability" provides proper grounds for equitable tolling. *See* Okla. Stat. tit. 12 § 96 (West 2000). Although the exact definition of this term remains unclear, Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority. *See e.g., Lovelace v. Keohane*, 831 P.2d 624, 629 (Okla. 1992) (finding that those who could conduct their own business affairs over time are sufficiently competent to render them ineligible for "legal disability" tolling)....
>
> Second, the Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or *in the exercise of reasonable diligence,* should have known of or discovered

> the injury, and resulting cause of action." *Id.* Therefore, if defendants engage in "false, fraudulent or misleading conduct" calculated to lull plaintiffs into sitting on their rights, the limitations period may not be triggered. *Jarvis v. City of Stillwater*, 732 P.2d 470, 473 (Okla. 1987); *see also Hurt v. Garrison*, 133 P.2d 547, 550 (1942) (holding a statute of limitations tolled during a period of fraudulent concealment).

*Alexander*, 382 F.3d at 1217 (emphasis in original).

Plaintiff addresses the timeliness of this action in his Complaint in his recitation of the facts in Claim 1, on page 5, wherein he states as follows:

> "On 3-22-2011, I was pulled over by Durant Police Officer Timothy McEachern for allegedly running a stop sign. I was eventually beaten by him and other unknown officers for no reason where I lost consciousness and I received serious brain/head trauma that resulted in a loss of memory until very recently. I still suffer from great head/neck pain as well as problems remembering and speaking sometimes due to the loss of memory. <u>This claim became known with the statute of limitations</u>." (emphasis in the original).

While Plaintiff does appear to claim he is under a legal disability, this allegation does not seem credible. In *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the Supreme Court explained a court's authority under 28 U.S.C. § 1915(d)

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Id.* at 327–28, 109 S.Ct. at 1833.

It should be noted, Plaintiff alleged in his underlying criminal conviction his confession was not voluntary and should have been suppressed. Plaintiff testified at the suppression hearing in the underlying criminal case that someone

7

hit him in the head during the fight and he could not remember anything that happened between the time of the altercation outside his vehicle and when he reached the booking area of the county jail. Ultimately both the trial court and the 10th Circuit Court of Appeals found his statements were voluntary. See *U.S. v. Cash,* 733 F.3d 1264 (2013). Plaintiff's current claim of memory loss in support of tolling the statute of limitations simply has no factual basis. Nearly ten (10) years ago, both the trial court and the 10th Circuit Court of Appeals, found no merit in Plaintiff's arguments regarding memory loss in support of suppressing his statements. Today, this Court finds no merit in that same argument being used in an attempt to toll the statute of limitations. In addition, the record in the Eastern District of Oklahoma reflects that Plaintiff has filed two other lawsuits during this alleged period of memory loss: *Cash v. Wallace,* No. CIV-12-337-JHP-SPS and *Cash v. Murphy,* et.al., CIV 14-245-JHP-SPS. In the first case, after nearly two years of litigation, and over ninety pleadings being filed, the Court granted Plaintiff's own motion to dismiss without prejudice. In the latter case, it was litigated for close to three years. Summary judgment was granted against the Plaintiff, and the 10th Circuit Court of Appeals affirmed in an unreported case. *See 2017 WL 5495455.* Plaintiff's previous litigation in two federal lawsuits, in which he represented himself pro-se, clearly demonstrates he is more than able to conduct his own business affairs over time and is sufficiently competent to render him ineligible for "legal disability" tolling. Plaintiff is not entitled to equitable tolling.

## IV.  PLAINTIFF'S CLAIMS FAIL UNDER *HECK V. HUMPHREY*, 512 U.S. 477 (1994).

Plaintiff's Fourth claim alleges "tampering with evidence that resulted in wrongful convictions". (Doc. #1, at Claim 4, page 6). In his fourth claim, Plaintiff contends "officers tampered with the evidence in the criminal case of Plaintiff..." *Id.* at 6. He seeks compensatory damages in the range of $500,000.00 to $2,500,000.00, and punitive damages in the range of $1,000,000.00 to $5,000,000.00 from each Defendant. (Doc. #1, Claim 4, page 7). Plaintiff's complaint is barred in its entirety by *Heck*, 512 U.S. at 487. There, the Supreme Court held that a court must dismiss a § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction. *Id.* In other words, "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (summarizing the Court's holding in *Heck*).

Compensating Plaintiff for alleged tampering of evidence would certainly imply that the state criminal judgment is invalid. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (Plaintiff's § 1983 "damages claims rest on the contention that the defendants unconstitutionally conspired to convict him of crimes he did not commit," so judgment in Plaintiff's favor "would necessarily imply the invalidity of his conviction.") (quoting *Heck*, 512 U.S. at 487); *Holly v. Gotcher*, 427 F. App'x 634, 636 (10th Cir. 2011) (Plaintiff's ineffective assistance

9

of counsel claim was "based on the argument that he was deprived of due process and, thus, implicitly question the validity of his convictions.").

*Heck's* "favorable termination" rule applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction, a revoked sentence, or a prison disciplinary sanction. *See Edwards v. Balisok*, 520 U.S. 641, 646-648 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Plaintiff's complaint is therefore barred in its entirety and should be dismissed under *Heck*.

## V.    THE PLRA'S "THREE STRIKES" RULE

Enacted in 1996, the PLRA was designed to prescribe a set of requirements for prisoners filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). One of the provisions of the law, § 1915(g), was designed "to revoke, with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (quoting *Skinner v. Switzer*, 562 U.S. 521, 535–36 (2011)). "When a prisoner has accumulated three strikes, he

has 'struck out' from proceeding IFP in a new civil action or appeal." *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) (citing *Smith v. VA*, 636 F.3d 1306, 1308–09 (10th Cir. 2011) (internal quotation marks omitted)). Thus, once incurring three strikes, a prisoner "must prepay the entire filing fee before federal courts may consider his civil actions and appeals." *Carbajal v. McCann*, 808 F. App'x 620, 629 (10th Cir. 2020). However, the statute provides an exception to the fee requirement for prisoners who can show that they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Based on the nature of the allegations contained in this Complaint, a strike is recommended against the Plaintiff.

## VI. AMENDMENT WOULD BE FUTILE

The Court further finds that allowing Plaintiff leave to amend his complaint would be futile, because he has failed to state a claim for relief under a viable cause of action. Plaintiff's claims are barred by the applicable statute of limitations, and the "Heck" doctrine. *See Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile[.] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

## VII. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed above, the undersigned recommends the Court Grant Defendants City of Durant and Chris Cicio's Motion to Dismiss (Doc. #31),

with prejudice. The Court further recommends the Complaint against the remaining Defendants who have not entered an appearance at this time be dismissed with prejudice. A court may dismiss a complaint *sua sponte* "[i]f 'it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing [the plaintiff] an opportunity to amend his complaint would be futile.'" *King v. Oklahoma City*, 06-cv-1308-VML, 2007 WL 1519014, at *2 (W.D. Okla. May 21, 2007) (alteration in original) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) (additional citations omitted).

Plaintiff is given fourteen (14) days from the date of the service of this Report and Recommendation to file any objections with a supporting brief under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the order of the District Court based on such findings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Plaintiff's objection, if filed, shall be limited to ten (10) or less pages.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this 10th day of April 2023.

Jason A. Robertson
United States Magistrate Judge